## BREVES v AUER et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13729.  Decided Oct 22, 1934

Wm. F. Waldeisen, Cleveland, for plaintiff in error.

Lawrence Rich, Cleveland, for defendant in error.

RICHARDS, J, (6th Dist) LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.

**OPINION**

By MONTGOMERY, J.

There are numerous assignments of error set forth in the petition in error but in view of the conclusion of this court all of them may be ignored excepting only the one herein discussed, to-wit,—was the judgment of the lower court manifestly contrary to the weight of the evidence?

It is contended on behalf of plaintiff in error, Breves, that at the time the note was presented to him and the guaranty signed, no payee was named in the note but the agreement was that it should be payable to the National City Bank for the purpose of enabling Scheible to withdraw from that bank certain securities then held by it as collateral for his obligations to the bank.

It is contended further that upon Scheible's failure to make this arrangement with the bank he then inserted his own name as payee in the note. It is unquestionably the fact that the defendant in error advanced to Scheible the sum of $600.00 and that this note in controversy was then turned over to him as security for payment of this $600.00. Subsequent to the obtaining of the judgment upon the cognovit note, proceedings were had in aid of execution and a sum in excess of $300.00, the property of Charles Breves, was obtained by this proceeding and applied upon the claim of Auer.

From a reading of the evidence taken in the Common Pleas Court, we are clearly of the opinion that Charles Breves at the time he signed this guaranty upon the note did so with the understanding that it was to be used for the purposes hereinbefore indicated as claimed by him. He was clearly an accommodation guarantor such as is contemplated by the statute and received no value therefor.

It is equally clear to us that Auer is not a holder in due course and is simply a pledgee of this note holding it for the purpose of securing the amount advanced by him to Scheible.

It was held in the case of **Handy v Sibley, 46 Oh St 9** in the first branch of the syllabus as follows:

"The holder of an accommodation note indorsed to him as collateral security can recover against the accommodation maker no more than the amount intended to be secured thereby."

It is contended that Auer is entitled to enforce the claim for the entire amount due and retain any surplus for the benefit of the pledgor, but as stated in **49 Corpus Juris 1031 (321) 8,—**

"Where the obligor proves a defense not available as a bar to recovery by the pledgee but good as against the pledgor, the pledgee will be allowed to recover only to the extent of the debt for which he holds the collateral as security."

It stands to reason that the holder of a large claim, which is however subject to a defense, cannot pledge that claim as security for a debt, the amount of which debt is a mere fraction of the amount of the claim, and thereby through the pledgee do what the original holder of the claim could not do himself.

We are unanimously of the opinion that the judgment of the Common Pleas Court was manifestly against the weight of the evidence and therefore contrary to law; that the defendant in error, Auer, is entitled to recover from plaintiff in error the amount of $600.00 with interest accruing thereon from the time of the loan of this

sum by him to Scheible, subject to a credit thereon of the amount received by him as the result of proceedings instituted in aid of execution, and counsel can figure the amounts in accordance with this finding.

It is the order of this court that there be remitted from the judgment entered by the Common Pleas Court all in excess of the amount herein indicated as due Auer, to be figured as indicated, and that if he accepts such remittitur there may be judgment for him accordingly but that if such not be accepted by him the judgment of the Common Pleas Court will be reversed as against the weight of the evidence. Exceptions may be noted.

RICHARDS and LEMERT, JJ, concur in judgment.